**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff*,
Mandy Firat

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MANDY FIRAT,**<br><br>Plaintiff,<br><br>v.<br><br>**MANDARICH LAW GROUP, LLP AND UHG I, LLC,**<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. This is a case about a professional debt collection law firm that tried to use a technical legal notice to illegally keep trying to collect a consumer after she legally invoked her right to have them stop.

2. **MANDY FIRAT** ("Plaintiff"), by her attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **MANDARICH LAW GROUP, LLP and UHG I, LLC** ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

# JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations of the FDCPA, and the RFDCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

///

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in Fresno County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

15. Defendant Mandarich Law Group, LLP ("Defendant Mandarich Law") is a IL corporation operating from an address of 420 N. Wabash Ave. STE 400, Chicago, IL 60611, and is a "Debt Collector" as that term is defined by 15 U.S.C. §

1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant UHG I, LLC ("Defendant UHG") is a Delaware corporation operating from an address of 6400 Sheridan Dr. STE 138, Williamsville, NY 14221, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant UHG is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in

doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in Fresno County, California.
20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.
21. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.
22. Defendant UGH, I bought the CashNetUSA personal loan debt for pennies on the dollar and proceeded to attempt to collect the full amount.
23. Defendant Mandarich Law was hired by Defendant UHG, to collect this debt from Plaintiff.
24. Defendant Mandarich Law is the agent-in-fact of Defendant UHG.
25. After contentious correspondence, on or about May 28, 2022 Plaintiff sent Defendant an email stating words to the instruction of: "respond in writing only to prove the original debt."
26. On or about June 23, 2022, Plaintiff received a letter from Defendant stating in part: "Current Balance Due" and "If we are unable to resolve this matter within…" and "contact our office toll-free" and "this is an attempt to collect a debt."
27. Defendant's letter of June 23, 2022 did not include any account documents, no statement of account other then an amount demanded, and no billing statements.

///

28. On information and belief, Defendant has contacted Plaintiff additional times in connection with collection of the debt during the 12 months preceding the filing of the instant action.

## ACTUAL DAMAGES

29. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by these Defendants in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. A debt collector violates § 1692c of the FDCPA when it, communicates with a consumer at an unusual time which should be known to be inconvenient to the consumer.

32. Defendant violated §1692c of the FDCPA when it when it among other qualifying actions and omissions, willfully and without justification, communicated with Plaintiff after Plaintiff notified Defendant in writing, via email that she wished Defendant only to communicate with her to transmit evidence tending to prove she owed the debt to Defendant.

    a. The violative communications by Defendant were not to advise Plaintiff that further collection efforts were being terminated, were not to notify Plaintiff that Defendants may invoke specified remedies which are ordinarily invoked by Defendants and were not to notify Plaintiff that Defendants intended to invoke a specific remedy.

## COUNT II

### VIOLATION OF § 1788.17 OF THE RFDCPA

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

35. Defendant violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which was the violation of 15 U.S.C. § 1692c.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

///

///

# TRIAL BY JURY IS DEMANDED.

36. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                **THE CARDOZA LAW CORPORATION**

DATED: July 20, 2022      BY: /s/ MICHAEL F. CARDOZA
                                    MICHAEL F. CARDOZA, ESQ.
                                    LAUREN B. VEGGIAN, ESQ.
                                    ATTORNEYS FOR PLAINTIFF
                                    MANDY FIRAT

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COMPLAINT FOR DAMAGES**              **PAGE 8 OF 8**

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.