June D. Coleman (SBN 191890)
MESSER STRICKLER BURNETTE, LTD.
5960 South Land Park Drive #1059
Sacramento, CA 95822
(916) 502-1768 Direct
(312) 334-3475 Fax
jcoleman@messerstrickler.com

Attorney for Defendants
MANDARICH LAW GROUP, LLP and UHG I, LLC

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDY FIRAT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MANDARICH LAW GROUP, LLP AND UHG, I, LLC,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00903-SKO<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[FRCP 12(c)]<br><br>Date:　　　　October 19, 2022<br>Time:　　　　9:30 a.m.<br>Courtroom:　7, 6th Floor<br>　　　　　　　2500 Tulare Street<br>　　　　　　　Fresno, CA 93721<br><br>Judge: Honorable Sheila K. Oberto |

1

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

**TO THE COURT AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2022 at 9:30 a.m., or as soon thereafter as the matter may be heard before Honorable Magistrate Judge Sheila K. Oberto in Courtroom 7, 6th Floor, of the above-entitled Court, located at 2500 Tulare Street, Fresno, CA 93721, Defendants MANDARICH LAW GROUP, LLP and UHG I, LLC, by and through its attorneys of record, hereby moves this Court to enter a judgment on the pleadings against Plaintiff Mandy Firat. This Motion for Judgment on the Pleadings is based on Plaintiff's failure to allege claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated:  August 23, 2022　　　　　　　　**MESSER STRICKLER, LTD.**

By:  /s/ June D. Coleman
June D. Coleman, Esq.
Attorney for Defendants
MANDARICH LAW GROUP, LLP and UHG I, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendants Mandarich Law Group LLP ("MLG") and UHG I, LLC respectfully request that this Court enter a judgment on the pleadings against Plaintiff.

## II.     FACTUAL BACKGROUND

Plaintiff filed her Complaint on July 20, 2022 ("Complaint"), alleging that MLG and UHG I, LLC ("UHG") violated the FDCPA and the RFDCPA. *See* Doc. 1.

Plaintiff alleges that Defendant UHG purchased a CashNetUSA loan (the "Debt") allegedly incurred by Plaintiff and that it placed the Debt with MLG for collection. *Id*. at ¶¶22-23. Although not set forth in the Complaint, Defendants note as background information only that on May 18, 2022, Plaintiff initially emailed MLG, specifically requested that MLG cease all phone communications and to only respond in writing. May 18, 2022 Email, Exhibit A. Also noted for background information is that MLG sent a detailed response to the May 18, 2022 email on May 24, 2022, which gave Plaintiff significant information about the debt, including the charge-off creditor, the customer name and address, the current creditor, the amount owed, the charge-off creditor account number, the date of law payment, and documenting that Plaintiff's account had been sold to UHG I, LLC, the current creditor. *See* May 24 MLG Letter, Exhibit B.

Plaintiff alleges that after this first round of communication and after "contentious correspondence," on or about May 28, 2022, Plaintiff sent MLG an email, and sets forth portions of that email: "words to the instruction of: 'respond in writing only to prove the original debt.'" Complaint, at ¶ 25; May 28 Email, Exhibit C.[1]  It is this communication that Plaintiff relies upon to support her claims.

Plaintiff alleges that on or about June 23, 2022, she received a letter from

---

[1] A district court may properly consider extrinsic evidence whose contents are alleged in the complaint. *See In re Stac. Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 fn.4 (9th Cir. 1986) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

Defendant, and sets forth portions of that letter: "Current Balance Due" and "If we are unable to resolve this matter within …" and "contact our office toll-free" and "this is an attempt to collect a debt." Complaint, ¶ 26, June 23 MLG Letter, Exhibit D. Indeed, MLG's June 23 letter states:

> Current Balance Due ….
>
> If we are unable to resolve this matter within …, our client has authorized us to file a lawsuit.
>
> You are hereby notified that pursuant to California Code of Civil Procedure Section 1033, should legal action result in a judgment against you, you may also be found liable for various court costs, including, but not limited to, filing fees and service of process fees.
>
> [C]ontact our office toll-free at …. .
>
> … This is an attempt to collect a debt … .

June 23 MLG Letter, Exhibit D (incorporated into the Complaint at Paragraph 26).

Plaintiff alleges that MLG's June 23 letter did not include any account documents, any statement of account other than an amount demanded, or any billing statements. Complaint, ¶ 27. According to Plaintiff's information and belief, MLG contacted her additional times in connection with collection of the Debt during the 12 months preceding the filing of this lawsuit. *Id*. at ¶ 28.

Plaintiff alleges that MLG violated § 1692c and § 1788.17 when it communicated with her after being notified in writing that she wished MLG only to communicate with her to transmit evidence tending to prove she owed the debt to Defendant. *Id*. at ¶¶ 32, 35. Plaintiff appears to allege that UHG I, LLC is vicariously liable for the conduct of MLG. For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint must be dismissed as to both Defendants. Moreover, under the facts of this case, Plaintiff cannot amend her Complaint, and therefore, the Complaint should be dismissed without prejudice.

### III. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court analyzes 12(c) motions essentially the same as motions under Rule 12(b)(6): the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). But unlike a 12(b)(6) motion requesting dismissal, a 12(c) motion asks the reviewing court to find that a party cannot prevail on their allegations and claims as a matter of law even when taking all allegations as true, warranting judgment in the moving party's favor. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

A motion to dismiss under Rule 12(b)(6) challenges "the legal sufficiency of the pleadings, and allows a court to dismiss a complaint upon a finding that plaintiff has failed to state a claim upon which relief may be granted." *Banks v. ACS Edu. Corp.*, 2012 U.S. Dist. LEXIS 41891, *13 (S.D. Cal. 2012). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. "Without factual allegations in the complaint, a claimant cannot satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which it rests." *Id*. at 555 fn. 3 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).

Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly, supra*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is

"plausible on its face." *Iqbal, supra*, 556 U.S. at 679. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Only reasonable inferences arising from the pleading should be accepted by the court. The Court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The Court should also not accept the truth of legal conclusions merely because they are cast in the form of factual allegations, *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003), or assume that plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated … laws in ways that have not been alleged." *Assoc. Gen Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## IV.  ARGUMENT

### A. Plaintiff Fails to State a Claim Under 15 U.S.C. § 1692c.

Plaintiff fails to state a claim under § 1692c because she specifically requested MLG respond to her in writing and MLG was obligated under California Code of Civil Procedure Section 1033 to provide notice that certain costs could be assessed against her. Section 1692c states, in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except – (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or

creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

Plaintiff alleges that Defendants violated § 1692c when MLG communicated with her after being notified in writing via email that she wished MLG only to communicate with her to transmit evidence tending to prove she owed the debt to Defendant. (Complaint, ¶ 32.) On May 18, 2022, Plaintiff initially, specifically requested that MLG cease all *phone* communications and to only respond in writing:

> Below account is disputed. Cease and desist all phone communications. Respond in writing only.

May 18, 2022 Email, Exhibit A (presented to the Court as background information).

On May 24, 2022, MLG sent Plaintiff documents to verify her account and her debt. A copy of the verification letter and its documentation is attached hereto as Exhibit B, which is again submitted to the Court only for background information. MLG provided Plaintiff the name of the current creditor including its address, the current creditor's account number for the Debt, an itemization of the debt, date of last payment, and the charge off creditor name and address. In addition, MLG enclosed various documents supporting the verification (i.e., that Plaintiff owes the debt).

On May 28, 2022, Plaintiff emailed MLG wherein Plaintiff acknowledged receipt of MLG's verification but stated that the response "doesn't satisfy the proof of the alleged debt, it is only showing the sale of the debt between UHG I, LLC and CNU Online Holdings, LLC." May 28 Email, Exhibit C.[2] She further states, "THIS ACCOUNT IS STILL DISPUTED, CEASE and DESIST all phone communications and respond in writing only to prove the original debt. If you continue further collections until you prove the debt, I will not hesitate to contact my attorney." *Id*. This is the communication on

---

[2] A district court may properly consider extrinsic evidence whose contents are alleged in the complaint. *See In re Stac. Elecs. Sec. Litig. supra*, 89 F.3d at 1405 fn.4 ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

which Plaintiff relies upon to support her claims.

The next communication that MLG sent to Plaintiff was on or about June 23, 2022, a Notice of Intention to Sue and Incur Costs. June 23 MLG Letter, Exhibit D (quoted by Plaintiff in the Complaint at Paragraph 26). The June 23 Notice of Intent to Sue correspondence contains the mandatory language required by California Code of Civil Procedure Section 1033:

> When the party could not have brought the action in the small claims court, costs and necessary disbursements shall be limited to the actual cost of the filing fee, the actual cost of service of process, and when otherwise specifically allowed by law, reasonable attorneys' fees. However, those costs shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, **the plaintiff informed the defendant in writing of the intended legal action against the defendant** and that legal action could result in a judgment against the defendant that would include the costs and necessary disbursements allowed by this paragraph."

Cal. Civ. Proc. Code § 1033 (emphasis added).

Thus, MLG was required to provide Plaintiff this notice in order to seek an award of certain costs. Certainly, a debtor cannot prevent litigation or the recovery of costs by demanding that communication cease. Certainly, a cease communication demand would not eliminate necessary communications in litigation, such as the 1033 notice or other meet and confer requirements through the litigation process.

Furthermore, one of the exceptions set forth in section 1692c(c) is that a debt collector may notify the consumer that the debt collector or creditor intends to invoke a specific remedy. That is exactly what MLG did. MLG notified Plaintiff that she would be sued and that MLG would seek court costs.

Notably, this same claim was examined in another case filed against MLG in the Central District of California. *See Zand v. Mandarich Law Grp., LLC*, No. SACV 13-00684 JVS (JCGx), 2013 U.S. Dist. LEXIS 189904, at *1 (C.D. Cal. Aug. 19, 2013). In *Zand,* a consumer claimed a violation of section 1692c(c) when the consumer requested that communications cease and thereafter received MLG's 1033 letter. MLG argued, as it

does here, that the communication was completely permissible because it fit within the third exception to section 1692c(c), informing Plaintiff that it intended to invoke a specified remedy. The *Zand* Court wholeheartedly agreed and dismissed the complaint.

Here, just as in the *Zand* case, MLG informed Plaintiff of its intent to sue her. This is permissible under section 1692c. Accordingly, even accepting all of Plaintiff's allegations as true, she cannot prevail on her claims as a matter of law and her Complaint must be dismissed.

**B. Plaintiff Fails to State a Claim Under Section 1788.17 of the RFDCPA.**

Additionally, Plaintiff's RFDCPA claim also fails. The RFDCPA, modeled on the FDCPA, is designed to protect consumers from unfair and abusive debt collection practices. *See* Cal. Civ. Code § 1788.1 ("It is the purpose of this title to prohibit debt collectors from engaging in unfair and deceptive acts or practices in the collection of consumer debts to require debtors to act fairly in entering into and honoring such debts."). "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements … and makes available the FDCPA's remedies for violations." *Caudillo v. Portfolio Recovery Associates, LLC*, 2013 U.S. Dist. LEXIS 114305 (S.D. Cal. Aug. 13, 2013)

Plaintiff alleges that Defendant violated Section 1788.17 when it failed to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive. Complaint, ¶ 34. Specifically, Plaintiff alleges that Defendant violated § 1788.17 of the RFDCPA when "it willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c." *Id*. at ¶ 35. For the reasons set forth above, Plaintiff's Complaint does not, and cannot, allege a plausible claim against MLG under section 1692c. As such, for these same reasons, her claim under RFCDPA section 1788.17 also fails and must be dismissed.

### V.   CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion for Judgment on the Pleadings and dismiss the case. Plaintiff has failed to meet the Supreme Court's plausibility standard. MLG's June 23 letter is expressly permitted under the exceptions to section 1692c(c). Therefore, not only does the FDCPA claim fail, but the

section 1788.17 RFDCPA claim fails as well. And because the claims fail as to MLG, the claims must also fail as to UHG I, LLC. Defendants respectfully request that Judgment on the Pleadings be granted in favor of Defendants, and against Plaintiff on her FDCPA and RFDCPA claims and for any other relief that this Honorable Court deems just. Furthermore, in that there are no set of facts that Plaintiff could allege to support liability, The Court should grant the Motion without leave to amend.

Dated:       August 23, 2022           MESSER STRICKLER, BURNETTE, LTD.

                                   By:   /s June D. Coleman
                                         June D. Coleman
                                         Attorney for Defendants
                                         MANDARICH LAW GROUP, LLP
                                         AND UHG I, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via email to the parties listed on the service list with the Court, and to the parties authorized to receive via this Court's CM/ECF system on August 23, 2022.

                                   By:   /s/ June D. Coleman
                                         June D. Coleman